GEORGE N. SYMS, PROSECUTOR, v. TOWN OF WEST HOBO-KEN, IN THE COUNTY OF HUDSON, ET AL. DEFEND-ANTS.

Argued November 10, 1916—Decided March 6, 1917.

1. The Town of West Hoboken under *Pamph. L.* 1911, *p.* 531, *ch.* 250, has no authority to build a town hall.
2. The words in that statute, "other municipal purposes," under the rule of construction known as *ejusdem generis,* refers to buildings of the same class or of the same general character as those enumerated in the statute.

---

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and BLACK.

For the prosecutor, *Frederick K. Hopkins.*

For the town of West Hoboken, *John J. Fallon.*

For Fagan and Briscoe, *Merritt Lane.*

The opinion of the court was delivered by

BLACK, J. The point involved in this case is whether the town of West Hoboken has authority to erect a town hall, designated as a building suitable for the use of the fire department, municipal offices and other municipal purposes, under *Pamph. L.* 1911, *p.* 531, *ch.* 250. Our examination of this statute leads us to the conclusion that the town of West Hoboken has no such authority thereunder.

Two ordinances were adopted by the town council of the town of West Hoboken, dated August 23d, 1916. The first provides for the erection of a building suitable for the use of the fire department, &c., and the purchase of land in addition to the land now owned by the said town whereon to erect said building, following the language of the statute above cited. *Pamph. L.* 1911, *p.* 531. The second ordinance authorized $150,000 of municipal building bonds, in accordance with the Pierson act. *Pamph. L.* 1916, *p.* 525.

This *certiorari* challenges the legality of these ordinances and the proceedings thereunder. Authority for the ordinances under attack is contained in the act (*Pamph. L.* 1911, *p.* 531), "An act to authorize the erection, enlargement and equipment of engine houses and buildings for the protection of fire apparatus and for other municipal purposes, including police station houses, crematories for garbage, ashes and refuse and poor houses and buildings for the care of the sick poor in towns of this state and the purchase of lands whereon to erect said buildings; also the issuing of bonds to provide moneys for the purposes of this act." The pertinent part of the body of the act in the first section follows closely the wording of the title, which is: "The common council or other governing body of any incorporated town in this state are hereby authorized and empowered to erect one or more buildings suitable for the use of the fire department of said town and other municipal purposes or for use as police station houses, crematories for garbage, ashes and refuse and poor houses, and buildings for the care of the sick poor, and to purchase tracts of land whereon to erect said building or buildings; *and in case such building or buildings shall have*

been heretofore erected, to enlarge and equip the same' and to purchase land in one or more localities whereon to erect said. building or buildings," the aggregate cost not to exceed $200,000. It will be observed, in the first place, that the term town hall is in common and almost universal use throughout New Jersey to designate the chief municipal building of a town, i. e., the place in which is transacted the public business of a town. This term is omitted in. this statute, and, from a reading of the statute, it would seem to have been purposely omitted by the legislature. Thus, in the act of 1907, page 409 (4 Comp. Stat., p. 5427, § 39), the words "town halls" are used both in the title and the body of the act authorizing the erection of such buildings. It is a fair inference to draw, that if the legislature had intended this act to confer authority to erect town halls, it would have used these well-known words, especially so in view of the previous act. Pamph. L. 1907, p. 409. The record shows, at the present time, the town of West Hoboken has a town hall, in which are located a council chamber and all the various town offices and departments.

The body of the act above quoted provides: "In case such building or buildings shall have been heretofore erected, to enlarge and equip the same." As applied to the town of West Hoboken, this language limits the power of the town council to an enlargement and equipment of the present building or buildings. It is a well-recognized rule, in the construction of statutes, that all the words in the statute must be given a meaning, when possible. The meaning of this statute contended for by the defendants would entirely ignore the clause of the statute above quoted. So, the rule of construction, known as "ejusdem generis," is invoked by the prosecutor—that is, where general words follow the enumeration of particular classes of persons or things, such as the words in this statute, "other municipal purposes," the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. 36 Cyc. 1119; 3 Words & Phrases 2328; 6 Id. 5098, 5099; In re Barre Water Co., 62 Vt. 29; 9 L. R. A. 195; 6 R. C. L. 842. § 232;

*Barracliff* v. *Griscom,* 1 *N. J. L.* 193, 195. Chief Justice Beasley, speaking for the Court of Errors and Appeals, states the rule in these words: "General terms, following a specification of things of a particular class must be understood to refer to things of the same class, or at least of the same general character.' The rule, as clearly established, is thus laid down: Where general words follow particular words, the rule is to construe the former as applicable to the things or persons particularly mentioned." *Livermore* v. *Board of Freeholders of Camden,* 31 *N. J. L.* 507, 512.

As pointed out by the prosecutor, the town council, undoubtedly, has authority to build a town hall under the General Town act (*Pamph. L.* 1895, *p.* 218; 4 *Comp. Stat., p.* 5518; *Pamph. L.* 1907, *p.* 409, *ch.* 168), but these acts require a submission to the voters of the town, while the act under which these ordinances were passed (*Pamph. L.* 1911, *p.* 531) has no such requirement.

For the reasons stated, we think there is no authority vested by this statute (*Pamph. L.* 1911, *p.* 531), in the town of West Hoboken, to build a town hall. The two ordinances brought up by this *certiorari* are therefore set aside, with costs.